**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMIKA CLARK,<br><br>          Plaintiff,<br><br>          v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>          Defendants. | Civil Action No. 21-11876 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |
| DANNY DAVIS,<br><br>          Plaintiff,<br><br>          v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>          Defendants. | Civil Action No. 21-11878 (MAS) (RLS) |
| DONNA HALL,<br><br>          Plaintiff,<br><br>          v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>          Defendants. | Civil Action No. 21-11880 (MAS) (RLS) |

| | |
|---|---|
| SUSAN HALUZAK,<br><br>                    Plaintiff,<br><br>        v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 21-11874 (MAS) (RLS) |
| JANENE TOLLIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 21-11884 (MAS) (RLS) |
| DAVID VANNESS,<br><br>                    Plaintiff,<br><br>        v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 21-11885 (MAS) (RLS) |

| | |
|---|---|
| ARCHIE WELLMAN,<br><br>                Plaintiff,<br><br>      v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 21-11888 (MAS) (RLS) |
| DEBBIE WYNN,<br><br>                Plaintiff,<br><br>      v.<br><br>IMERYS TALC AMERICA, INC., *et al.*,<br><br>                Defendants. | Civil Action No. 21-11882 (MAS) (RLS) |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant PTI Union, LLC's ("Defendant") Motion for Reconsideration[1] of the Court's Order denying in part it's Omnibus Motion (the

---

[1] Defendant's Motion for Reconsideration of this Court's previous Order can be found at the following case and ECF numbers: Clark Mot. Recons., 3:21-11876, ECF No. 11; Davis Mot. Recons., 3:21-11878, ECF No. 10; Hall Mot. Recons., 3:21-11880, ECF No. 10; Haluzak Mot. Recons., 3:21-11874, ECF No. 10; Tollis Mot. Recons., 3:21-11884, ECF No. 10; Vanness Mot. Recons., 3:21-11885, ECF No. 11; Wellman Mot. Recons., 3:21-11888, ECF No. 10; Wynn Mot. Recons., 3:21-11882, ECF No. 10.

"Omnibus Motion")[2] to dismiss Plaintiffs Tamika Clark ("Clark"), Danny Davis ("Davis"), Donna Hall ("Hall"), Susan Haluzak ("Haluzak"), Janene Tollis ("Tollis"), David Vanness ("Vanness"), Archie Wellman ("Wellman"), and Debbie Wynn's ("Wynn") (collectively "Plaintiffs") Short Form Complaints.[3] No Plaintiffs, individually or collectively, opposed either the Omnibus Motion or the instant Motion for Reconsideration. After consideration of the parties' submissions, the Court decides Defendant's Motion for Reconsideration without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion is denied.

## I. BACKGROUND[4]

### A. Procedural Background

Between May 27, 2021 and July 26, 2021, all Plaintiffs filed short form complaints detailing allegations and claims against Defendant. (*See, e.g.*, Clark Union Compl., 3:21-11876, ECF No. 1.) Defendant responded by filing an Omnibus Motion to Dismiss each Plaintiff's Complaint for failing to state a claim upon which relief may be granted under Federal Rule of Civil

---

[2] The Omnibus Motion against the short form complaints can be found at the following case and ECF numbers: Clark Mot. Dismiss, 3:21-11876, ECF No. 6; Davis Mot. Dismiss, 3:21-11878, ECF No. 5; Hall Mot. Dismiss, 3:21-11880, ECF No. 6; Haluzak Mot. Dismiss, 3:21-11874, ECF No. 5; Tollis Mot. Dismiss, 3:21-11884, ECF No. 5; Vanness Mot. Dismiss, 3:21-11885, ECF No. 6; Wellman Mot. Dismiss, 3:21-11888, ECF No. 5; Wynn Mot. Dismiss, 3:21-11882, ECF No. 5.

[3] All Plaintiffs also filed an exhibit to their short form complaints titled "Additional Counts to Plaintiff's Short Form Complaint" (the "Union Complaint" or collectively the "Union Complaints"). (*See e.g.*, Clark Union Compl. Ex., 3:21-11876, ECF No. 1-1.) The Union Complaints detail allegations and claims against Defendant exclusively. (*See id.*)

[4] This Court previously analyzed the facts giving rise to this action when it addressed Defendant's first Motion to Dismiss. *See Clark v. Imerys Talc Am., Inc.*, No. 21-11876, 2023 WL 8374813, at *5-7 (D.N.J. Dec. 1, 2023). Thus, the facts are well known to the parties. In the interest of efficiency, the Court will present an abbreviated version of this case's procedural and factual history and incorporates the facts included in its previous Order.

Procedure 12(b)(6),[5] or in the alternative, for failing to plead allegations with enough specificity to allow for the preparation of a defense under Rule 12(e). (*See, e.g.*, Clark Mot. Dismiss.) This Court granted, in part, that motion, dismissing claims for concert of action as well as requests for punitive and other damages, while denying Defendant's motion to dismiss Plaintiffs' remaining claims.[6] *Clark*, 2023 WL 8374813, at *5-7.

### B.  Factual Background

In the accompanying brief for its Omnibus Motion, Defendant emphasized that: (1) there are six distinct Shower-to-Shower products; (2) Defendant was only involved in the processing of one of those six Shower-to-Shower products, "Shimmer Effects"; and (3) Defendant did not acquire a right to handle and process Shimmer Effects until 2008, after Plaintiffs ceased use of the Products. (*See, e.g.*, Def.'s Br. Supp., Clark Mot. Dismiss 3, 3 n.5, 4, 10, ECF No. 6-1; *see also* Ex. C. to Clark Mot. Dismiss, 3:21-11876, ECF No. 6-5.)

In denying Defendant's Omnibus Motion, this Court noted that Defendant relied on references to extraneous documents and affidavits, rather than on information contained in Plaintiffs' Union Complaint. *See Clark*, 2023 WL 8374813, at *4. Because a court may only look to the factual allegations set forth in a complaint to determine its pleading sufficiency at the motion to dismiss stage, the Court explained in its previous Opinion that it could not consider this extraneous information, and denied Defendant's Omnibus Motion. *Id.* at *4, *7. Defendant,

---

[5] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[6] One Plaintiff, Stevens, did not affix the Union Complaint to her short form complaint or provide any factual allegations against Defendant in either her short form complaint or in the Master Complaint. (*See generally* Stevens Compl. 3:21-14150, ECF No. 2; Master Compl., 3:16-2738, ECF No. 82.) Accordingly, her claims were dismissed by this Court during its review of the Omnibus Motion. *See Clark*, 2023 WL 8374813, at *1.

however, disagreed and filed this instant Motion for Reconsideration challenging the Court's finding that it could not rely on extraneous documents in assessing the merit of Plaintiff's claims.

## II.     LEGAL STANDARD

### A.     Motion for Reconsideration

Reconsideration under Local Civil Rule 7.1(i) is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* Loc. Civ. Rule 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact . . . to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is it an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

### III. DISCUSSION

Defendant contends on reconsideration that: (1) the Court's denial of its Omnibus Motion conflicted with a previous District Court of New Jersey decision dismissing near identical claims against Defendant; and (2) the Court erred in not taking judicial notice of publicly available records establishing that Defendant began its involvement with the Products *after* Plaintiffs had been diagnosed with cervical cancer—or ceased use of the Products—when considering its Omnibus Motion. (*See,* Clark Mot. Recons. 2.) As addressed below, this Court finds that Defendant's references to a previous case in this district are unpersuasive. The Court also finds that Defendant misunderstands Federal Rule of Evidence 201 and the circumstances under which a Court must take judicial notice of extraneous materials at the motion to dismiss stage.

#### A.   *Hannah v. Johnson & Johnson Inc.* and District Precedent

Defendant first contends that this Court's decision in Defendant's favor on near identical facts in *Hannah v. Johnson & Johnson Inc.*, No. 19-9365, 2020 WL 3497010 (D.N.J. June 29, 2020), conflicts with this Court's finding that Plaintiffs' claims are sufficiently pled. (*See* Def.'s Br. Supp., Clark Mot. Recons. 3-5; Def.'s Br. Supp., Clark Mot. Dismiss 4, 8.) Crucially, however, the Court in *Hannah* conducted its analysis in the context of a fraudulent joinder consideration rather than a motion to dismiss. *Hannah*, 2020 WL 3497010, at *8.

In attempting to circumvent this apparent difference, Defendant notes that the fraudulent joinder "more than frivolous" requirement is a more scrutinizing standard than the Rule 12(b)(6) plausibility requirement. Accordingly, Defendant argues that this Court's denial of its Omnibus Motion raises the question of how a near-identical claim could be both *frivolous* and *plausible*. (*See* Def.'s Br. Supp. Clark Mot. Recons. 3.) Such contention is of no moment, however, because unlike a motion to dismiss review, a court conducting a fraudulent joinder review has great

7

discretion to determine the sufficiency of a pleading, and may "look beyond the allegations of [a] plaintiff[]'s complaint" in considering the fraudulency of a party's joinder. *Abels v. State Farm Fire & Cas. Co.*, 770 F. 2d 26, 32 (3d Cir. 1985) (internal citation omitted). The Court's ability in *Hannah* to consider extrinsic evidence in conducting its jurisdictional inquiry allowed it to reference facts and materials not mentioned in either the *Hannah* complaint or the Union Complaints. *See Hannah*, 2020 WL 3497010, at *13 ("Defendants have argued—and Plaintiffs have not disputed [Shimmer Effects] was a fundamentally different product that had a limited market exposure from the other Shower to Shower varietals at issue in this case."); *see also In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Litig.*, No. 17-4034, 2018 WL 4771908, at *5 (D.N.J. Oct. 3, 2018) ("[I]nformation outside of the complaint may be considered for jurisdictional purposes [in a fraudulent joinder review] when it clarifies an allegation included in the complaint[.]").[7]

Here, because this Court is not conducting a fraudulent joinder assessment as it was in *Hannah*, it is bound by Rule 12(b)(6) to consider "only the allegations contained in the pleading to determine its sufficiency." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (quoting *Santomenno ex rel. John Hancock Tr.*, 768 F.3d 284, 290 (3d Cir. 2014) (alteration in original). Crucially, as previously noted in this Court's Opinion, the Union Complaints make no mention of: (1) the different varietals of Shower-to-Shower products; (2) Defendant's involvement with the Shimmer Effects varietal as opposed to the other products; or

---

[7] Moreover, the Court in *Hannah* appears to have been particularly motivated to exercise its discretion to consider extrinsic evidence by its belief that the plaintiffs had joined Defendant to their lawsuit for the purposes of undermining complete diversity and remanding their case back to State Court. *See Hannah*, 2020 WL 3497010, at *14 ("the Court find Plaintiffs are merely attempting to connect PTI Union to Pharma Tech in order to effect diversity jurisdiction, and in that regard, that they have no real intention to prosecute the action against PTI Union. Accordingly, I find PTI Union is fraudulently joined").

(3) the date at which Defendant's involvement with the products began. (*See generally* Union Compl.); *see also Clark*, 2023 WL 8374813, at *4. Instead, as this Court previously noted, this information was raised in Defendant's brief and other extraneous materials. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"). For these reasons, *Hannah* is inapposite to the question of whether this Court can consider extrinsic evidence at the motion to dismiss stage, and therefore, any reconsideration under *Hannah* is unwarranted.

B.   **Rule 201: Taking Judicial Notice of Public Records and Documents**

Defendant next argues that under Federal Rule of Evidence 201, the District Court erred in not taking judicial notice of publicly available documents like its business incorporation records with the Missouri Secretary of State's office when considering the sufficiency of Plaintiffs' complaints. (*See* Def.'s Br. Supp., Clark Mot. Recons. 6, 7.) Crucially, however, the language of Federal Rule of Evidence 201 provides only that "the court: (1) *may* take judicial notice on its own; or (2) *must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1)-(2) (emphasis added). As such, absent a request from Defendant to take judicial notice of publicly available records and filings, the Court was under no obligation nor could reasonably be expected to do so. *See Britt v. Elm City Cmtys.*, No. 17-2159, 2019 WL 2452349, at *4 n.8 (D. Conn. June 12, 2019) ("While a court 'may take judicial notice on its own,' it is not required to take judicial notice unless 'a party request it and the court is supplied with the necessary information.") (quoting Fed. R. Evid. 201(c)); *see also McPhatter v. M. Callahan & Assocs., LLC*, No. 11-5321, 2013 WL 3981106, at *1 n.1 (E.D.N.Y. Aug. 2, 2013) ("[T]he Court *may* take judicial notice on its own, but is not required to take judicial notice

9

*sua sponte*.") (emphasis in original). On this ground alone, Defendant's Motion must be denied because no clear error of law ensued where the Court exercised its discretion under Federal Rule of Evidence 201 absent any request from Defendant. *See* Fed. R. Evid. 201(c)(1)-(2).

Moreover, Defendant failed to directly request judicial notice of certain facts be taken in its Omnibus Motion. Given Defendant's current position that this Court erred in not taking judicial notice, it is perplexing that Defendant made no mention of the documents it now critiques the Court for not considering. Nor did Defendant mention Federal Rule of Evidence 201 or the words "judicial notice" in passing. (*See generally* Def.'s Br. Supp., Clark Mot. Dismiss.) Instead, Defendant appears to raise its judicial notice position for the first time in its Motion for Reconsideration. (*See e.g.*, Def.'s Br. Supp., Clark Mot. Recons.) As such, Defendant's reconsideration motion also fails because a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court when it decided the original motion. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); *see also ThermoLife Int'l, LLC v. Myogenix Corp.*, No. 13-651, 2017 WL 4792426 (S.D. Cal. Oct. 24, 2017) ("The Court finds it inappropriate to take judicial notice of exhibits presented for the first time in a Motion for Reconsideration for the same reasons as stated above, as there is no evidence [p]laintiffs could not have requested the Court take judicial notice of the exhibits previously.").

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration is denied.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**